# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PETERSON YAZZIE,

    Petitioner,

v.                                                         Civ. No. 18-1004 JCH/GBW

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *Doc. 1*.[1] Petitioner seeks to have his conviction and sentence set aside pursuant to two Supreme Court decisions. *See generally doc 1*. First, Petitioner relies on the Supreme Court's recent decision in *Sessions v. Dimaya*, which struck down the residual clause of the Immigration and Nationality Act ("INA") as unconstitutionally vague under the Fifth Amendment Due Process Clause. 138 S. Ct. 1204 (2018). Second, Petitioner cites to the Supreme Court's decision in *Johnson v. United States*, which similarly struck down the residual clause of the Armed Career Criminal Act ("ACCA") as unconstitutionally vague under the Fifth Amendment Due Process Clause. 135 S. Ct. 2551 (2015). Having reviewed the pleadings and record before the Court, I recommend denying the Motion.

---

[1] Citations to "*doc*." refer to docket numbers filed in Civ. No. 18-1004 JCH/GBW. Citations to "*cr. doc.*" refer to the attendant criminal docket, Crim. No. 14-2523 JCH/GBW.

I. BACKGROUND

On January 21, 2014, Petitioner freely and voluntarily plead guilty to an Information on one count of Stalking, a crime of violence, in violation of 18 U.S.C. § 2261A(2)(A) and one count of use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *See Cr. docs. 15, 16, 17, 18, 19*. Most relevant here, the 924(c) count charged that Petitioner "knowingly used, carried, and discharged a firearm … during and in relation to a crime of violence for which [Petitioner] may be prosecuted in a court of the United States, specifically, assault with a dangerous weapon." *Cr. doc. 15* at 1. As to that charge, Petitioner admitted that "[o]n or about April 12, 2014, in San Juan County, in the District of New Mexico, in Indian Country, [he], an Indian, did shoot at vehicle that John Doe was driving, with a firearm, discharging that firearm, specifically a .22 caliber rifle, during and in relation to a crime of violence for which [he] may be prosecuted in a court of the United States." *Cr. doc. 18* at 4. Further, the parties agreed, pursuant to Fed. R. Crim. P. 11 (c)(1)(C) that a term of 11 years- 10 years imprisonment for the § 924(c) charge and 1 year imprisonment for the stalking charge- was sufficient but not greater than necessary. *Id.* at 5. Moreover, the United States agreed that it would not bring additional criminal charges against Petitioner arising out of the facts forming the basis of the Information. *Id.* at 7. In exchange Petitioner waived any right to collaterally attack his convictions and sentence "pursuant to 28 U.S.C. §§ 2241, 2255, or any other extraordinary writ, except on the issue of counsel's ineffective

2

assistance in negotiating or entering this plea or this waiver." *Id.*

On June 26, 2015, the United States Supreme Court ruled in *Johnson* that the residual clause of the ACCA defining a violent felony to include any felony that "involves conduct that presents a serious potential risk of physical injury to another" was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2255-57.[2] Similarly, on April 17, 2018, the Supreme Court ruled in *Dimaya* that the residual clause of the INA, which defined "a crime of violence" as any felony offense that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," was void for vagueness. *Dimaya*, 138 S. Ct. 14 1210-11. In response to these rulings, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on October 23, 2018. *Doc. 1*. Plaintiff's Motion is now before the undersigned.

The United States argues that the motion should be denied for three reasons. First, *Johnson* and *Dimaya* do not impact Petitioner's conviction because his conviction is valid under 924(c)'s elements clause. *See generally doc. 5*. Second, Petitioner's motion is untimely under 28 U.S.C. § 2255(f). *Id*. Third, Petitioner waived his right to collaterally attack his sentence. *Id*. Because I agree with the United States' first argument, I need not, and will not, address the remaining arguments.

---

[2] The Supreme Court subsequently determined that the *Johnson* rule had retroactive effect. *See Welch v. United States*, 136 S. Ct. 1257 (2016).

## II. ANALYSIS

The Tenth Circuit Court of Appeals has indeed held that the *Johnson* and *Dimaya* opinions dictate that the residual clause of the definition of "crimes of violence" under 924(c) is unconstitutionally vague. *See United States v. Salas*, 889 F.3d 681 (10th Cir. 2018). However, if a predicate crime qualifies as a 924(c) crime of violence under the elements clause definition,[3] it remains a valid predicate.

The predicate "crime of violence" underpinning Petitioner's 924(c) conviction was an assault with a dangerous weapon. More specifically, because the assault occurred in Indian Country and Petitioner is an Indian, the predicate crime was a violation of 18 U.S.C. § 1153 and § 113(a)(3). This Court has previously held that this crime qualifies as a "crime of violence" under 924(c)'s elements clause. *See United States v. Concho*, 2017 WL 3084454 (D.N.M. July 19, 2017) adopted by 2017 WL 5989198 (Dec. 4, 2017) (attached as Exhibits 1 & 2). More importantly, this result was affirmed by the Tenth Circuit Court of Appeals, which held that no reasonable jurist could debate that conclusion. *United States v. Concho*, 724 F. App'x 685 (10th Cir. 2018) (unpublished) (attached as Exhibit 3). Therefore, Petitioner's 924(c) conviction predicated upon his assault with a dangerous weapon remains valid.[4] *See id*.

---

[3] Throughout, when the Court refers to § 924(c)'s elements clause, it means 18 U.S.C. § 924(c)(3)(A), which defines a crime of violence as any felony offense that "has an element the use, attempted use, or threatened use of physical force against the person or property of another."

[4] In fact, even if the predicate crime in Petitioner's case were not pursuant to 18 U.S.C. § 113(a)(3) but was instead the state crime of aggravated assault with dangerous weapon which does not require intent to inflict bodily harm, it would still qualify as a "crime of violence" under the § 924(c) elements clause. *See*

III.  CONCLUSION

Accordingly, I recommend that the Court DENY Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (*doc.1*), and dismiss this case with prejudice.

GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

*United States v. Maldonado-Palma*, 839 F.3d 1244, 1249-50 (10th Cir. 2016) (New Mexico crime of aggravated assault with dangerous weapon constitutes "crime of violence" under the elements clause of U.S.S.G. § 2L1.2 which is very similar to but more restrictive than the elements clause of § 924(c)).